**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID WAYNE GNAU,

    Applicant,

v.                                                                CV12-1206 MCA/CG

JAMES JANECKA, et al.,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner David Wayne Gnau's *Application for a Writ of Habeas Corpus, filed November 19, 2012* ("Petition"), (Doc. 1); *Respondent's Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)* ("Answer"), filed on February 7, 2013, (Doc. 11); and *Petitioner Responds to Respondent's Answer* ("Reply"), filed on February 14, 2013, (Doc. 12). After considering the parties' filings and the relevant law, the Court recommends that the Petition be dismissed.

### I.    Procedural Background

Petitioner is an inmate at the Lea County Correctional Facility. (Doc. 1). On April 27, 2011, Petitioner pled *nolo contendere* to three counts of criminal sexual penetration of a child, a first degree felony. (Doc. 11, Ex. B). Three months later, the District Court for the Twelfth Judicial District of the State of New Mexico ("state district court") sentenced Petitioner to fifty-four years imprisonment, five years of supervised parole upon release, and a requirement to register as a sex offender. (Doc. 11, Ex. A). On October 18, 2011, Petitioner filed a motion to reconsider his sentence with the help of counsel. (Doc. 11,

Ex. C).  The state district court denied his motion to reconsider the sentence on March 5, 2012.  (Doc. 11, Ex. E).  On March 21, 2012, Petitioner filed a second motion for reconsideration, this time without the assistance of counsel.  (Doc.11, Ex. D).  On May 12, 2012, the state district court denied his second motion for reconsideration for lack of subject matter jurisdiction, since Petitioner filed the motion more than ninety days after his sentencing.  (Doc. 11, Ex. F).

On May 17, 2012, five days after the state district court's order denying the second motion for reconsideration, Petitioner filed a Petition for Writ of Habeas Corpus with the state district court. (Doc. 11, Ex. G). In his petition, he alleged five grounds for relief: (1) ineffective assistance of counsel because his attorney failed to interview witnesses and secure helpful documentation; (2) illegal search and seizure because the police officers exceeded the scope of the consent to search; (3) conflict of interest on the part of the interviewing police detective; (4) evidence was tainted because it was taken from the crime scene after Petitioner was left alone at the crime scene; and, (5) prosecutorial misconduct because the DA falsified facts and presented an incompetent witness.  (Doc. 11, Ex. G).  A day after filing, the state district court denied Petitioner's habeas petition. (Doc.11, Ex. H).  The court held: Petitioner had not set forth facts supporting his first and fifth claims; the search identified in his second claim was legal; he failed to explain the conflict of interest or how he was prejudiced in his third claim; and Petitioner had not shown how the evidence was tainted in his fourth claim. (*Id.* at 2).  Petitioner states that he sent a Petition for Writ of Certiorari to the New Mexico Supreme Court on May 31, 2012, but there is no record that this petition was filed.  (Doc. 1 at 1; Doc. 11, Ex. M).

On June 20, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus with the state district court. (Doc. 11, Ex. I). Petitioner raised the same five grounds for relief in his second petition as he did in the first petition: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) illegal search and seizure; (4) tainted evidence; and (5) conflict of interest on the part of the interviewing police detective. (Doc. 11, Ex. I). On August 20, 2012, this second petition was denied because Petitioner did not set forth facts to explain his first claim, Petitioner had stipulated to any facts asserted by the DA when he pled no contest, the search identified in his third claim was legal, and Petitioner failed to explain how he was prejudiced in his fourth and fifth claims. (Doc. 11, Ex. J). Shortly after his petition was denied, Petitioner filed a Motion of Reconsideration of Writ of Habeas Corpus with the state district court. (Doc. 11, Ex. K). This motion was denied on November 9, 2012; the state district court found that Petitioner did not adequately explain or support his claims. (Doc. 11, Ex. L).

On June 13, 2012, Petitioner filed a petition pursuant to § 2254 with the United States District Court for the District of New Mexico. (CV 12-647 JCH-WPL, Doc. 1). A week later, Petitioner filed a second habeas petition with the state district court, as detailed above. (Doc. 11, Ex. I). Given his pending petition before the state district court, his petition with the District of New Mexico was dismissed without prejudice for failure to exhaust. (Id.).

The instant petition was filed on November 19, 2012. (Doc. 1). The claims raised in this Petition are:

1) Petitioner claims that he is being denied legal access because he sent a Petition for Writ of Certiorari to the New Mexico Supreme Court but did not receive notice that it was filed or any kind of response;

3

2) Ineffective Assistance of Counsel
    a. Petitioner claims that his counsel failed to interview witnesses or obtain documents helpful to his case;
    b. Petitioner claims that his counsel used the death of Petitioner's father, his primary witness, to coerce Petitioner into a plea agreement;
    c. Petitioner claims that his request to dismiss his counsel was denied;
3) Prosecutorial Misconduct
    a. The DA improperly used the testimony of an incompetent witness (Petitioner's wife);
    b. The DA falsified evidence;
    c. At the sentencing hearing, the DA improperly used a picture drawn by the victim that was unduly prejudicial;
    d. The DA withheld exculpatory evidence;
    e. The DA used testimony and police reports from the investigating detective, who was biased against Petitioner;
4) Illegal Search and Seizure
    a. Petitioner was forced to sign a blank form consenting to a search;
    b. Petitioner's wife's consent for a search was void because she is incompetent.

(Doc. 1 at 1-4). Respondent asserts that Petitioner has brought a mixed petition containing new claims that he has failed to exhaust as well as claims that have been procedurally defaulted. (Doc. 11 at 9-13). Specifically, Respondent argues that claims 2(a) and 4(a) were presented to the state district court but were not timely appealed to the New Mexico Supreme Court and, therefore, are procedurally defaulted. (Doc. 11 at 10-11). Respondent states that Petitioner's claims regarding denial of legal access and prosecutorial misconduct are new, as are claims 2(b) and 2(c). (Doc. 11 at 10-11). Finally, Respondent asserts that the claims related to the illegal search and seizure are not cognizable claims in a federal habeas proceeding. (Doc. 11 at 17). Respondent moves the Court to deny and dismiss the Petition. (Doc. 11 at 18).

4

**II.     Analysis**

*a. Standard of Review*

"A pro se litigant's pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him.   *Id.*   Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

*b. Non-Cognizable Habeas Claims*

Petitioner claims that he has been denied legal access and his illegal search and seizure claims cannot be reviewed by this Court in a habeas petition.   Under *Stone v. Powell*, 428 U.S. 465 (1976), a state prisoner may not be granted federal habeas corpus relief on grounds that evidence was obtained in an illegal search or seizure where the state has provided an opportunity to litigate the Fourth Amendment claim.   *Stone*, 428 U.S. at 494.   Pursuant to his plea agreement, Petitioner waived any Fourth Amendment claims.   (Doc. 11, Ex. B).   Thus, the Court cannot grant Petitioner any habeas relief on these grounds.

Petitioner's claim that he is being denied legal access should also be dismissed. The foundation of Petitioner's claim is that his Petition for Writ of Certiorari has not received a response from the New Mexico Supreme Court although he has demonstrated that is was mailed.   (Doc. 1 at 1; Doc. 7 at 3).   Petitioner acknowledges that he has received additional writ of certiorari packets upon request, and it is not clear from his

Petition as to whether he feels that he is being denied legal access by the prison or the New Mexico Supreme Court. More importantly, this claim is unrelated to the conviction that Petitioner asks the Court to review with his Petition. A district court can only review a petition for habeas corpus when the petitioner asserts "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Therefore, Claims 1 (denial of legal access) and 4 (illegal search and seizure) should be dismissed.

### c. Exhaustion of State Court Remedies

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An Application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."),

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.

1994). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir.2009).

Here, Petitioner has failed to present any of his claims to the New Mexico Supreme Court. Although Petitioner states that he sent a Petition for Writ of Certiorari to the New Mexico Supreme Court on May 31, 2012, he acknowledges that he did not receive any confirmation that it was filed. Respondent submitted evidence confirming that no petition has been filed. (Doc. 1 at 1, 3; Doc. 11, Ex. M). Therefore, none of Petitioner's claims have been properly exhausted.

### d. Procedural Default

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted).

"A court will not consider issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (internal quotation marks omitted). A state procedural ground relies on state law, as opposed to federal law. *Id.* A state ground is adequate only if it is regularly followed and applied evenhandedly. *Id.* "Once the state pleads the affirmative defense of an independent and adequate procedural bar, the burden to place the defense in issue shifts to the petitioner." *Id.* The petitioner must set forth specific factual allegations as to the inadequacy of the state procedure. *Id.*

The following claims were part of Petitioner's Petition for Writ of Habeas Corpus to the state district court but were not properly presented to the New Mexico Supreme Court: i) Claim 2(a) (ineffective assistance of counsel because counsel failed to interview witnesses or obtain helpful documents) and ii) Claims 3(a), 3(b), and 3(e) (prosecutorial misconduct because the DA used testimony from an incompetent witness, falsified evidence, and presented testimony and police reports from a biased police officer). Further review of a the denial of state habeas corpus relief by the state district court may be sought in the New Mexico Supreme Court within thirty days of the denial. N.M.R.A. 5-802; N.M.R.A. 12-501(B). Petitioner's most recent petition to the state district court was denied on November 9, 2012; he did not file a petition for certiorari with the New Mexico Supreme Court by December 9, 2012, and therefore, his claims are procedurally barred by New Mexico state law.

As Respondent has raised the defense of a procedural bar, Petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice to overcome it. *See Smallwood*, 191 F.3d at 1268.   Petitioner asserts that he mailed a Petition for Certiorari on May 31, 2012, but did not receive confirmation that it was filed.   (Doc. 1). However, the petition must be filed with the New Mexico Supreme Court clerk within thirty days and merely mailing it is not sufficient.   N.M.R.A. 12-501(B).   Moreover, the *Proposed Findings and Recommended Disposition* filed by United States Magistrate Judge William P. Lynch specifically informed Petitioner of the need to fully exhaust his claims by seeking review by the New Mexico Supreme Court within thirty days of the state district court's denial of a habeas corpus petition.   (CV 12-647 JCH-WPL, Doc. 9 at 5). Judge Lynch filed his *Proposed Findings and Recommended Disposition* on August 14, 2012, approximately one week before Petitioner's second Petition for Writ of Habeas Corpus was denied by the state district court.   Petitioner has presented no other facts that address the inadequacy of the state procedure or suggest that there has been a fundamental miscarriage of justice.   Claims 2(a), 3(a), 3(b), and 3(e) should be dismissed with prejudice as procedurally defaulted.

The Court must consider whether claims 2(b), 2(c), 3(c), and 3(d), which have never been presented to a state court, have also been procedurally defaulted.   There is no statute of limitations in New Mexico that prevents a petitioner from bringing unexhausted claims in a second state habeas petition.   *See State of New Mexico v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007).   Generally, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831,

833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) (quoting *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974) ("[G]rounds omitted in the prior proceedings are deemed waived.")). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 524 P.2d at 1336). Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Gillihan*, 524 P.2d at 1337 (citation and internal quotation marks omitted).

     Petitioner's unexhausted ineffective assistance of counsel claims, and possibly some of his other claims, including the claim that the DA withheld exculpatory evidence, allege error that potentially "goes to the foundation or basis of [Petitioner's] rights." *Id*. The New Mexico courts may find that Petitioner's unexhausted claims are not precluded from state review under the doctrine of fundamental error.   Because there is a possibility that Petitioner's unexhausted claims may still be reviewed by the New Mexico state courts, the Court finds that Petitioner's unexhausted claims should be dismissed without prejudice so that he may pursue these claims in state court.   *See, e.g., Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

10

### III.     Recommendation

Based on the above analysis, the Court recommends that:

   a. Petitioner's illegal search and seizure and denial of legal access claims be **DISMISSED WITH PREJUDICE**;

   b. The portions of Petitioner's ineffective assistance of counsel (claim 2(a)) and prosecutorial misconduct (claims 3(a), 3(b), and 3(e)) that are procedurally barred be **DISMISSED WITH PREJUDICE**;

   c. The portions of Petitioner's ineffective assistance of counsel (claims 2(b) and 2(c)) and prosecutorial misconduct (claims 3(c) and 3(d)) claims that have not been exhausted be **DISMISSED WITHOUT PREJUDICE**; and

   d. A certificate of appealability should be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE